IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| CLYDE ERNEST HARPER, | ) | 8:15CV301 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| NEDOC, | ) | |
| | ) | |
| Respondent. | ) | |

The court must conduct an initial review of Clyde Ernest Harper's Petition for
Writ of Habeas Corpus (Filing No. 1) to determine whether his claims are potentially
cognizable in federal court. For the reasons discussed below, Harper must file an
amended petition for writ of habeas corpus.

Rule 2 of the *Rules Governing Section 2254 Cases* provides that a petition must
name as a respondent the state officer who has custody over him. In addition, a
petition must specify all grounds for relief and state the facts supporting each ground.

Here, Harper did not name a proper respondent. In addition, he did not specify
any grounds for relief. Therefore, Harper's habeas corpus petition is insufficient and
the court will not act upon it. On the court's own motion, Harper will have 30 days
in which to file an amended petition for writ of habeas corpus.

IT IS THEREFORE ORDERED that:

1.     Harper is directed to file an amended petition for writ of habeas corpus
within 30 days in accordance with this Memorandum and Order. To avoid confusion,
any document Harper sends to the clerk of the court for filing in this case must clearly
display the case number. Failure to comply with this Memorandum and Order will
result in dismissal of this matter without further notice.

2.     The clerk of the court is directed to send to Harper the Form AO241 ("Petition for Relief From a Conviction or Sentence By a Person in State Custody").

3.     The clerk of the court is directed to set a pro se case management deadline in this matter with the following text: February 22, 2016: Check for amended petition.

4.     Harper's request for the appointment of counsel (Filing No. 4) will be denied at this time.  As a general rule, counsel will not be appointed unless the case is unusually complex or the petitioner's ability to investigate and articulate the claims is unusually impaired or an evidentiary hearing is required.  *See, e.g., Morris v. Dormire*, 217 F.3d 556, 558-59 (8th Cir. 2000), *cert. denied*, 531 U.S. 984 (2000); *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994).  *See also* Rule 8(c) of the *Rules Governing Section 2254 Cases in the United States District Courts* (requiring appointment of counsel if an evidentiary hearing is warranted).  The court has carefully reviewed the record and finds there is no need for the appointment of counsel at this time.

DATED this 20th day of January, 2016.

BY THE COURT:


s/ Joseph F. Bataillon
Senior United States District Judge

2