IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CLYDE ERNEST HARPER, ) | |
| ) | |
| Petitioner, ) | 8:15CV301 |
| ) | |
| V. ) | |
| ) | |
| SCOTT R. FRAKES, NCCS Director ) | **MEMORANDUM** |
| NDCS, and BRIAN GAGE, Warden ) | **AND ORDER** |
| TSCI, ) | |
| ) | |
| Respondents. ) | |

    This matter is before the court on Respondents' Motion for Summary Judgment. (Filing No. 11.) Respondents argue that Petitioner's Petition for Writ of Habeas Corpus ("petition") (Filing No. 1) should be dismissed because it is barred by the limitations period set forth in 28 U.S.C. § 2244(d). The court agrees and will dismiss the petition with prejudice.

## I. BACKGROUND

    Petitioner was convicted of two counts of sexual assault of a child. (Filing No. 6 at CM/ECF p. 1.) The Nebraska Court of Appeals affirmed the conviction, and Petitioner's request for further review was denied on December 22, 2004. (Filing No. 10-1 at CM/ECF p. 2.) The mandate issued on January 10, 2005. (Filing No. 10-1 at CM/ECF p. 2.)

    Petitioner filed a motion for DNA testing in the District Court of Douglas County, Nebraska on May 2, 2014. (Filing No. 6 at CM/ECF p. 68.) The state court denied Petitioner's motion on September 9, 2014. (Filing No. 6 at CM/ECF p. 80.) Petitioner appealed, and the state court judgment was affirmed on March 2, 2015. (Filing No. 10-1 at CM/ECF p. 4.) The mandate issued on April 9, 2015. (Filing No.

10-1 at CM/ECF p. 4.)

Petitioner filed his habeas petition on August 13, 2015. (Filing No. 1.) Petitioner filed an amended petition on February 1, 2016. (Filing No. 6.) Respondents filed a Motion for Summary Judgment on February 25, 2016. (Filing No. 11.) To date, Petitioner has not responded to Respondents' summary judgment motion.

## II.  DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 110 Stat. 1214, establishes a one-year limitations period for state prisoners to file for federal habeas relief that runs from the latest of four specified dates. 28 U.S.C. § 2244(d)(1). This case concerns only the first date listed in § 2244(d)(1): "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]" 28 U.S.C. § 2244(d)(1)(A). "The statute of limitations is tolled while state post-conviction or other collateral review is pending." *King v. Hobbs*, 666 F.3d 1132, 1135 (8th Cir. 2012).

Petitioner's habeas petition is untimely. Petitioner's request for further review was denied on December 22, 2004, and the mandate issued on January 10, 2005. (Filing No. 10-1 at CM/ECF p. 2.) *See Curtiss v. Mount Pleasant Correctional Facility*, 338 F.3d 851, 853 (8th Cir. 2003) (holding that a judgment becomes final under 28 U.S.C. § 2244(d)(1)(A) at the conclusion of all direct criminal appeals in the state system followed by the expiration of the 90 days for filing a petition for writ of certiorari with the United States Supreme Court). However, Petitioner did not file his motion for DNA testing until May 2, 2014. It is well-established that "the time between the date that direct review of a conviction is completed and the date that an application for state post-conviction relief is filed counts against the one-year period." *Painter v. State of Iowa*, 247 F.3d 1255, 1256 (8th Cir. 2001). Therefore, the one-year limitations period expired long before Petitioner's habeas petition was filed.

Petitioner has not explained why he should be excused from the procedural bar of the statute of limitations, and the court finds no basis for doing so. Petitioner is not entitled to equitable tolling because he has not demonstrated that he pursued his rights diligently or that some extraordinary circumstance prevented him from seeking habeas relief. *Walker v. Norris*, 436 F.3d 1026, 1032 (8th Cir. 2006). Moreover, Petitioner is not entitled to the protection of the miscarriage of justice exception. In *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013), the Supreme Court held that a habeas petitioner who can show actual innocence under the rigorous standard of *Schlup v. Delo*, 513 U.S. 298 (1995), is excused from the procedural bar of the statute of limitations under the miscarriage of justice exception. A habeas petitioner, who seeks to overcome the one-year statute of limitations in § 2244(d)(1) upon a showing of "actual innocence," must support his allegations with "new, reliable evidence" that was not presented at trial and must show that it was more likely than not that, in light of the new evidence, no juror, acting reasonably, would have voted to find the petitioner guilty beyond a reasonable doubt. *Schlup*, 513 U.S. at 324-27. Petitioner has not pointed to any new evidence indicating that he is actually innocent.

For the foregoing reasons, the court will dismiss Petitioner's petition with prejudice.

### III. CERTIFICATE OF APPEALABILITY

A petitioner cannot appeal an adverse ruling on his petition for writ of habeas corpus under § 2254 unless he is granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b)(1). The standards for certificates (1) where the district court reaches the merits or (2) where the district court rules on procedural grounds are set for in *Slack v. McDaniel*, 529 U.S. 473, 484-485 (2000). I have applied the appropriate standard and determined Petitioner is not entitled to a certificate of appealability.

IT IS ORDERED:

1.	Petitioner's petition is dismissed with prejudice, and the court will not issue a certificate of appealability in this matter.

2.	The court will enter a separate judgment in accordance with this order.

DATED this 8th day of June, 2016.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge